IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES L. ROSS,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:17-CV-0570-L** |
| | § | |
| **THE CITY OF DALLAS, TEXAS,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant City of Dallas' Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 9(b), Rule 12(b)(6), and Res Judicata (Doc. 6), filed April 27, 2017; and Defendant City of Dallas' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 9(b), Rule 12(b)(6), and Res Judicata (Doc. 10), filed May 31, 2017. After careful consideration of the motions, pleadings, and applicable law, the court **denies as moot** Defendant City of Dallas' Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 9(b), Rule 12(b)(6), and Res Judicata (Doc. 6); and **denies without prejudice** Defendant City of Dallas' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 9(b), Rule 12(b)(6), and Res Judicata (Doc. 10). The court, however, will allow an amended pleading to be filed.

### I.   Factual and Procedural Background

On February 27, 2017, Plaintiff James L. Ross ("Plaintiff" or "Ross") filed this action against the City of Dallas, Texas ("Defendant" or the "City"). Plaintiff's suit arises out of a tax foreclosure lawsuit, in which property located at 3811 Wendelkin Street, Dallas, Texas (the "Property"), was the subject of a lawsuit for delinquent taxes filed by the City, Dallas Independent School District, Dallas County School Equalization Fund, Parkland Hospital District, and Dallas

County Community College District, in which a judgment of $26,978.10 with costs of $1,358 was entered on December 13, 2010. Sec. Am. Compl. ¶ 11.

Ross alleges that he was not a party to the tax foreclosure lawsuit, but that he resided in the Property from 1996 until he was evicted in 2015. Sec. Am. Compl. ¶ 12. Ross alleges that he made various repairs and improvements to the Property and that after the tax foreclosure lawsuit was filed, he filed a lien in the public records of Dallas County for work done on the Property. Sec. Am. Compl. ¶¶ 12, 13. Ross alleges that the Property was "struck" to the City for $67,820, which reflected the judgment of $26,978.10 with costs of $1,358 and his $39,483.90 valid lien on the Property. Sec. Am. Compl. ¶ 16. Ross alleges that on February 26, 2015, the City deeded the Property to James Bell ("Bell") for $12,750 in a competitive bid process. Sec. Am. Compl. ¶¶ 8, 9. Ross alleges that agents of the City failed to give him notice of the sale of the Property to allow him to recover his investment in the Poperty and that the transaction between the City and Bell "presents major questions concerning civil fraud and criminal violations in a transaction for a property that struck for $67,820 to Defendant City of Dallas . . . but was conveyed for 18% of its represented cost in an area of Southern Dallas, with the Downtown Dallas Skyline as backdrop." Sec. Am. Compl. ¶ 4. Ross brings claims pursuant to 42 U.S.C. § 1983 ("§ 1983") for alleged due process violations of the 14th Amendment to the United States Constitution, and a claim for violation of 18 U.S.C. § 1961 ("§ 1961").[1] Ross's Second Amended Complaint ("Amended Complaint") also states the following with respect to agency and respondeat superior:

---

[1] Ross's Second Amended Complaint (Doc. 8), filed May 17, 2017, was filed without requesting leave to amend or obtaining consent from the City. As the City did not object to the court considering either pleading, the court considers the Second Amended Complaint as the live pleading. With regard to Defendant City of Dallas' Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 9(b), Rule 12(b)(6), and Res Judicata (Doc. 6), the court will deny the motion as moot and consider Defendant City of Dallas' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 9(b), Rule 12(b)(6), and Res Judicata (Doc. 10), as the second motion supersedes the first motion to dismiss.

**Memorandum Opinion and Order - Page 2**

> 7. Whenever it is alleged in this Complaint that any Defendant did any act or thing, it is meant that the Defendant's agents, servants, employees, parent agents, ostensible agents, agents by estoppel, employees, and/or representatives did such act or thing, and at the time any such act or thing was done it was done with the Defendant's authorization or was done in the normal or routine course of agency or employment with Defendant.

Sec. Am. Compl. 2, ¶ 7.

The City contends that the Amended Complaint should be dismissed because Ross fails to state a plausible due process claim. The City further argues that Ross's allegations of a violation of § 1961 are not sufficiently pleaded because Federal Rule of Civil Procedure Rule 9(b) ("Rule 9(b)") requires a heightened pleading. Alternatively, the City argues that Ross's § 1983 claim should be barred by the doctrine of res judicata.[2]

Prior to the current action, on March 21, 2012, Ross, as a pro se plaintiff, filed his Original Petition against the City in the 160th Judicial District Court, Dallas County, Texas (herein after referred to as "*Ross I*"). He alleged a trespass to try title action as it relates to the Property. Def.'s Mot. to Dismiss 15. On April 10, 2012, the City filed a plea to the jurisdiction in *Ross I* and requested that the state district court dismiss Ross's claims with prejudice because Ross failed to establish a waiver of the City's governmental immunity. *Id.* On May 31, 2013, the state district court granted the City's plea to the jurisdiction and dismissed *Ross I* with prejudice.

---

[2] Ross did not file a response to Defendant City of Dallas' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 9(b), Rule 12(b)(6), and Res Judicata (Doc. 10) but instead relied on his response to the City's initial motion to dismiss and new allegations in his Amended Complaint. To that extent, the court will consider his response and the new allegations; **however, the parties are cautioned not to file a response or reply by referring to a previously filed document. The court expects the filing itself to fully set forth a party's position.**

**Memorandum Opinion and Order - Page 3**

## II.     Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any

documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).  Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'"  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief

can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III. Analysis

### A. Ross's § 1983 Claim

The City contends that Ross's § 1983 due process claim should be dismissed because his claim does not satisfy the Rule 8(a)(2) facially plausible standard. Def.'s Mot. to Dismiss 10. The City argues that Ross has not alleged that his harm was caused by an unconstitutional custom or policy. *Id.* In response, Ross contends that his current pleading raises a due process claim that withstands the City's motion to dismiss, because "defendant possessed knowledge of Plaintiff's identity and location from public records (lawsuit) that would have facilitated actual notice by personal service or by mail instead of [] notice via new[sp]aper." Pl.'s Resp. 4.

A governmental entity can be sued and subjected to monetary damages and injunctive relief under § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A governmental entity *cannot* be liable for civil rights violations under a theory of respondeat superior or vicarious liability. *Id.*; *see also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Official policy is defined as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [city] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

> 2. A persistent, widespread practice of [city] officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [city] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the [city] or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc*). For purposes of a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts from which the court can reasonably infer that the "challenged policy was promulgated or ratified by the city's policymaker." *Groden v. City of Dallas, Texas*, 826 F.3d 280, 285 (5th Cir. 2016). "[C]ourts should not grant motions to dismiss for [the] fail[ure] to plead the specific identity of the policymaker." *Id.* (citing *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014)). The ultimate question in deciding the sufficiency of a complaint is whether a person has alleged facts to show that a policymaker promulgated or ratified an unconstitutional policy that resulted in injury to him or her.

To defeat "a motion to dismiss, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Balle v. Nueces County, Texas*, 690 F. App'x 847, 852 (5th Cir. 2017) (quoting *Spiller v. City of Tex. City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)). In other words, the pleadings are adequate with respect to a § 1983 claim against a city when they set forth "specific factual allegations that allow a court to reasonably infer that a policy or practice exists and that the alleged policy or practice was the moving force" for the constitutional violation asserted. *Id.* (citation omitted).

Ross has not alleged that any official policy or custom existed that caused him to be deprived of his due process rights. A cursory review of the allegations in Ross's Amended

Complaint readily reveals that his allegations are conclusory and speculative, and the court cannot reasonably infer that Ross is entitled to relief beyond the speculative level. Moreover, although the language of Ross's allegation is couched in terms of a policy or custom, the substance of his allegations appear to allege that the City is liable under a theory of respondeat superior, which cannot be a basis to impose liability. *Monell, supra* at 691.

Given the paucity of Ross's allegations regarding his due process claim, the court cannot reasonably infer that the City promulgated or ratified a policy or custom that infringed upon Ross's due process rights, and that such alleged policy or custom was the moving force that caused Ross to suffer a constitutional injury. In other words, under *Twombly* and *Iqbal*, a plaintiff "must plead facts sufficient to show that [his] claim has substantive plausibility." *Johnson*, 135 S. Ct. at 347. Ross has not so pleaded. Accordingly, Ross has failed to state a claim upon which relief can be granted against the City beyond the speculative level, and the court will dismiss his § 1983 due process claim.[3]

### B. Ross's § 1961 Claim

The City further contends Ross's allegations of a violation of § 1961 are not sufficiently pleaded because Rule 9(b) requires a heightened pleading standard. Def.'s Mot. to Dismiss 13. Ross designates his claim as one under § 1961; however, such reference is incorrect. Title 18 U.S.C. § 1964 ("§ 1964") provides a civil remedy for activities prohibited under 18 U.S.C. § 1962. No claim arises under § 1961, as the operative statute is § 1964. Ross did not respond to the City's heightened pleading argument. Ross's Amended Complaint, however, attempts to allege a

---

[3] The court does not address the City's res judicata argument because it does not believe the res judicata argument is viable, given that both parties have acknowledged that Ross's claims were not ripe in *Ross I*.

Racketeer Influenced and Corrupt Organizations ("RICO") Act violation, with wire fraud and mail fraud being alleged as the predicate acts. Count II of Ross's Amended Complaint, "Violation of 18 U.S. Code §1961[sic]," alleges that "to the exten[t] that the U.S. Mail and Wire were utilized to facilitate the transaction that gave rise to the current cause [of] action, the transactional disparity reflected in items 20 r[a]ises the indicia of fraudulent conduct in violation of U.S.C. §§ 1341[mail fraud] and 1343[wire fraud]." Sec. Am. Compl. 7.

Although it is not raised by the City, the court has serious concerns whether a civil claim under § 1964 is viable against the City. Existing precedent indicates, as a matter of law, that the City has no civil liability under § 1964. *Gil Ramirez Group, L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 411-12 (5th Cir. 2015). In *Gil Ramirez Group*, the Fifth Circuit held that "RICO requires demonstrating an underlying criminal act, which entails a mens rea requirement that a governmental entity cannot form." 786 F.3d at 412. Second, even if the City could be held liable under § 1964, Ross has not adequately pleaded his case because his allegations are conclusory. Because the City did not discuss whether it could be liable under § 1964, the court will allow Ross to replead his claim under § 1964.

The elements of a RICO violation are "(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988). A "pattern" requires at least two predicate acts that are related to each other and constitute or threaten long-term criminal activity. 18 U.S.C. § 1961(5); *In re Burzynski,* 989 F.2d 733, 742 (5th Cir. 1993). To make out a claim for mail fraud, a plaintiff must show: (1) a scheme to defraud; (2) use of the mails to execute that scheme; and (3) the specific intent to defraud. *United States v. Lucas,*

516 F.3d 316, 339 (5th Cir. 2008). Pleading a predicate act of wire fraud is similar but requires the use of interstate wire facilities. *Neder v. United States,* 527 U.S. 1, 20 (1999).

A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.,* No. 3:10-CV-1747-B, 2011 U.S. Dist. LEXIS 65912, at 7, 2011 WL 2312280, at 3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996)). Rule 9(b) contains a heightened pleading standard that requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003).

Ross's Amended Complaint generally alleges that the City used the mail and wire/electronics means to displace him from the Property; however, it falls short of satisfying Rule 9(b)'s particularity requirement. Ross has failed to plead sufficient specific facts that the City used the mails or wires to execute its scheme, the dates of the communications, or the content of the communications. Accordingly, the court determines that Ross has failed to allege with the particularity, as required by Rule 9(b), the predicate acts that are required pursuant to § 1964.

### C. Amendment of Pleadings

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to

allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

In response to the City's motion to dismiss, Ross did not request to amend his pleadings in the event the court determined that he failed to state a claim. To ensure that Ross has had a fair opportunity to plead his best case, the court will allow him one last chance to replead his claims against the City in accordance with the standard herein set forth.

## IV.     Conclusion

For the reasons herein stated, the court **denies as moot** Defendant City of Dallas' Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 9(b), Rule 12(b)(6), and Res Judicata (Doc. 6); and **denies without prejudice** Defendant City of Dallas' Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 9(b), Rule 12(b)(6), and Res Judicata (Doc. 10). Ross shall file an amended pleading that addresses the deficiencies identified by the court, and the amended pleading must be filed by **April 13, 2018**. If Ross fails to amend as herein directed, this action will be dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order or failure to prosecute. The City may file a third motion to dismiss if it believes that the amended pleading fails to state claims upon which relief may granted.

As this will be Ross's third attempt to plead his case, the court will not allow any further amendments.

**It is so ordered** this 30th day of March, 2018.

Sam A. Lindsay
United States District Judge